UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| In re UNUMPROVIDENT CORP. SECURITIES LITIGATION | Lead Case No. 1:03-cv-0049 |
| | MDL Case No. 1:03-md-1552 |
| | <u>CLASS ACTION</u> |
| | JUDGE CURTIS L. COLLIER<br>MAGISTRATE JUDGE SHIRLEY |

| | |
|---|---|
| SILVIO AZZOLINI, et al., | Lead Case No. 1:03-cv-1003 |
| Plaintiff, | MDL Case No. 1:03-md-1552 |
| vs. | <u>CLASS ACTION</u> |
| CORTS TRUST II FOR PROVIDENT FINANCIAL TRUST I, STRUCTURED PRODUCTS CORP., SALOMON SMITH BARNEY, INC., UNUMPROVIDENT CORPORATION, J. HAROLD CHANDLER and ROBERT C. GREVING, | JUDGE CURTIS L. COLLIER<br>MAGISTRATE JUDGE SHIRLEY |
| Defendants. | |

[Caption continued on following page.]

AGREED AMENDED DISCOVERY ORDER

| | |
|---|---|
| HARRIET BERNSTEIN, | ) Lead Case No. 1:03-cv-1005 |
| | ) |
| Plaintiff, | ) MDL Case No. 1:03-md-1552 |
| | ) |
| vs. | ) CLASS ACTION |
| | ) |
| CORTS TRUST FOR PROVIDENT FINANCING TRUST I, STRUCTURED PRODUCTS CORP., UNUMPROVIDENT CORP., J. HAROLD CHANDLER, ROBERT C. GREVING, CITIGROUP, INC., SALOMON SMITH BARNEY HOLDINGS, INC. and SALOMON SMITH BARNEY, INC., | ) JUDGE CURTIS L. COLLIER ) MAGISTRATE JUDGE SHIRLEY |
| Defendants. | ) |

| | |
|---|---|
| In re UNUMPROVIDENT CORP. DERIVATIVE LITIGATION | ) Lead Case No. 1:02-cv-0386 |
| | ) MDL Case No. 1:03-md-1552 |
| | ) CLASS ACTION |
| | ) JUDGE CURTIS L. COLLIER ) MAGISTRATE JUDGE SHIRLEY |

| | |
|---|---|
| DOREEN GEE, et al., | ) Lead Case No. 1:03-cv-0147 |
| | ) |
| Plaintiffs, | ) MDL Case No. 1:03-md-1552 |
| | ) |
| vs. | ) CLASS ACTION |
| | ) |
| UNUMPROVIDENT CORP., et al., | ) JUDGE CURTIS L. COLLIER ) MAGISTRATE JUDGE SHIRLEY |
| Defendants. | ) |

1.  Pursuant to the Court's Second Management Order (Docket No. 34, Case No. 1:03-md-1552) (the "Second Management Order"), the following actions collectively referred to as the "Securities Related Actions"[1] are coordinated for pretrial purposes:

    (a) *In re UnumProvident Securities Litigation*, No. 1:03-cv-49 (the "UnumProvident Securities Action");

    (b) *Azzolini v. CorTS Trust II for Provident Financial Trust I, et al.*, No. 1:03-cv-1003; and *Bernstein v. CorTS Trust for Provident Financing Trust I*, No. 1:03-cv-1005 (the "CorTS Securities Actions");

    (c) *In re UnumProvident Corp. Derivative Litigation*, No. 1:02-cv-386 (the "Derivative Action"); and

    (d) *Gee, et al. v. UnumProvident Corp., et al.*, No. 1:03-cv-147 (the "ERISA 401(k) Action").

2.  Pursuant to the Second Management Order, the Securities Related Actions are also coordinated for pretrial purposes with *In re UnumProvident Corp. ERISA Benefits Denial Actions*, No. 1:03-cv-1000 and *Taylor v. UnumProvident Corp., et al.*, No. 1:03-cv-1009 (collectively, the "Coordinated Benefits Actions").

3.  Discovery was stayed in the Securities Actions pursuant to the stay imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, 5, but was not statutorily stayed in the Derivative Action or ERISA 401(k) Action. On September 12 and 16, 2005 this Court issued its Orders on the various Motions to Dismiss filed in the Securities Actions. As a result, the PSLRA's discovery stay is now lifted in the Securities Actions.

---

[1] The UnumProvident Securities Action and the CorTS Securities Action are defined as the "Securities Actions." The Securities Actions plus the "Derivative Action" and the "ERISA 401(k) Action" are defined as the "Securities Related Actions."

4. The parties shall coordinate discovery with, and avoid the duplication of discovery in, all of the Securities Related Actions, and to the extent practical, such Securities Related Actions discovery will be coordinated with discovery in the Coordinated Benefits Actions to avoid duplication of discovery and inefficiency.

5. Pursuant to the Second Management Order, the parties previously developed a Joint Discovery Plan specifically addressing the topics identified in the Second Management Order. On July 8, 2004 Magistrate Judge Shirley entered the Discovery Order ( the "Discovery Order"). Since the time the Discovery Order was entered, several important discovery cut-off dates have passed while the motions to dismiss were pending. Therefore, Section VI(B)(4) and (C)(5) and Section XVI of the Second Management Order and the Discovery Order are vacated.

6. In Section V(A) of the Second Management Order, the Court ordered the parties to develop one or more Joint Discovery plans and submit the proposals to Magistrate Judge Shirley. In light of the Court's recent rulings on motions to dismiss, the parties have met and conferred, and submitted a proposed First Amended Discovery Order. The Magistrate has reviewed the submissions of the parties and hereby approves the following First Amended Discovery Order.

## I. A Timeline and Sequential Framework for Discovery

### A. The UnumProvident Securities Action

1. Defendants shall answer the Complaint on or before October 27, 2005.

2. Document discovery:

(a) Document discovery will commence September 27, 2005 and any document requests previously served on the parties notwithstanding the PSLRA discovery stay shall be deemed served on that date (the "Discovery Start Date"). Production of documents as to which there is no dispute will commence immediately. All parties shall serve any First Request for the Production of Documents by November 22, 2005.

(b) On or before November 11, 2005 (i) the parties shall serve their Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1); and (ii) any documents previously produced by defendants in any of the other actions that are part of this MDL shall be provided to each plaintiff herein to the extent they are relevant and responsive to the requests in this action.

(c) The parties shall meet and confer regarding the scope of the production of documents responsive to Plaintiffs' First Request for the Production of Documents and the content of any source logs and privilege logs on or before November 4, 2005.

    (i) If the parties cannot resolve their differences without resort to motion practice, the parties will file motions to compel on or before November 22, 2005.

    (ii) Oppositions will be due on or before December 12, 2005. There will be no replies.

(d) The parties shall produce documents responsive to any document requests on a rolling basis and shall substantially complete their production of documents responsive to the First Requests for the Production of Documents on or before February 15, 2006.

(e) The parties will produce a privilege and source log on or before February 28, 2006.

(f) The parties shall meet and confer regarding the production of documents and any documents withheld on the basis of privilege on or before March 10, 2006.

    (i) If the parties cannot resolve their differences without resort to motion practice, the parties will file motions to compel on or before March 24, 2006.

    (ii) Oppositions will be due on or before April 7, 2006. There will be no replies.

3. The following deadlines shall apply to Plaintiffs' motions for class certification:

(a) Plaintiffs will file their motions on or before November 15, 2005.

(b) Defendants' oppositions will be due on or before March 15, 2006.

(c) Replies will be due 40 days after service of the oppositions.

4. The following deadlines shall apply to completion of pretrial proceedings:

(a) All motions to amend the pleadings or to add additional parties to the action shall be filed on or before April 15, 2006. The parties reserve their right to oppose any such amendment.

(b) All fact discovery including depositions may commence as of the Discovery Start Date – September 27, 2005 – and shall be completed by July 15, 2006.

(c) All parties will submit their expert witness designations, including identification of expert witnesses, the subject matter on which they expect to provide their opinion, a summary of their qualifications, and their expert report, by August 17, 2006.

(d) The parties will similarly identify and provide the aforementioned information as to any rebuttal expert by September 1, 2006.

(e) Expert depositions shall commence no earlier than August 17, 2006 and shall be completed by October 17, 2006.

5. The parties reserve the right to ask the Court to modify this schedule, if warranted, in order to allow for additional time for discovery, to amend the pleadings or add additional parties for good cause, including to accommodate any rulings made on future motions filed by the parties.

**B. The CorTS Securities Actions**

1. The parties to the CorTS Securities Actions shall exchange Initial Disclosures no later than November 11, 2005.

2. The CorTS Plaintiffs shall serve their discovery requests upon the Salomon Smith Barney Defendants (the "SSB Defendants") no later than November 22, 2005.

3. Because the SSB Defendants have filed a Motion to Alter or Amend the Court's September 16, 2005 Order and/or Motion for Judgment on the Pleadings (the "Motion"), which Order granted in part and denied in part the SSB Defendants' motions to dismiss the complaints, discovery from the SSB Defendants shall be stayed in the CorTS Securities Actions pending the Court's resolution of that Motion. Nothing in the preceding sentence shall be construed as an admission by the CorTS Plaintiffs that the PSLRA's discovery stay applies to their claims against the SSB Defendants. If the Court sustains the CorTS Plaintiffs' claim against the SSB Defendants, discovery shall proceed, as follows:

(a) The SSB Defendants shall begin to produce responsive, non-objectionable documents no later than 30 days from entry of the Court's Order disposing of the Motion.

(b) The parties shall meet and confer regarding the scope of the production, and shall in good faith attempt to resolve any disputes relating thereto, no later than 45 days from the entry of the Court's Order disposing of the Motion.

(c) The SSB Defendants shall use their good faith efforts to complete their production of responsive, non-objectionable documents, and provide a privilege log, no later than 60 days from entry of the Court's Order disposing of the Motion.

(d) The CorTS Plaintiffs shall file a motion for class certification no later than 20 days after entry of the Court's Order disposing of the Motion. The parties will in good faith attempt to agree on discovery and a briefing schedule relating to class certification.

(e) If the Court has not ruled on the Motion by March 1, 2006, the CorTS Plaintiffs and/or the SSB Defendants reserve the right to apply to the Court to modify this schedule as it pertains to the CorTS Securities Actions.

(f) The CorTS Plaintiffs and the SSB Defendants shall seek, in good faith, to conduct discovery and other pre-trial practice in a manner that puts these actions on the same track as the Securities Related Actions.

4. The parties in the UnumProvident Securities Action shall make available to the parties in the CorTS Securities Actions all documents and written discovery provided in any of those Actions.

5. The parties in the CorTS Securities Action may attend and question witnesses at any depositions noticed in any of the UnumProvident Securities Actions. Counsel shall use their best good faith efforts to avoid duplicative questioning of witnesses.

6. The parties in the UnumProvident Securities Action will provide such other discovery to the parties in the CorTS Securities Actions as the parties may agree is appropriate and non-duplicative of other requests.

**C.  The Derivative Action**

1. Defendants will provide plaintiff's counsel with copies of all documents and written discovery provided in the Securities Actions or the ERISA 401(k) Action;

2. Counsel to plaintiff in the Derivative Action may attend and question witnesses at all depositions noticed in the Securities Actions or the ERISA 401(k) Action, with the order of questioning to be determined by counsel for those plaintiffs; however, counsel shall use their best efforts in good faith to avoid duplicative questioning of witnesses;

3. Defendants will provide such other discovery to the Derivative Action Plaintiffs as the parties agree is appropriate and non-duplicative of other requests; and

4. The discovery deadlines in the proceeding section governing the "Securities Actions" shall also apply to the Derivative Action.

**D.  The ERISA 401(k) Action**

The parties in the ERISA 401(k) Action agree that:

1.      The ERISA 401(k) Action Parties will serve their First Requests for Production of Documents and Interrogatories bearing on the factual merits of the claims in this case by November 22, 2005.

2.      Defendants will provide ERISA 401(k) Action Plaintiffs' counsel with copies of all documents and written discovery provided in the Securities Actions or the Derivative Action.  The ERISA 401(k) Action Defendants may respond, to the extent appropriate, to the ERISA 401(k) Action Plaintiffs' First Requests for Production of Documents and Interrogatories by reference to responses made to duplicative Requests previously propounded in the Securities Actions.

3.      The parties shall produce documents responsive to any document requests on a rolling basis and shall substantially complete their production of documents responsive to the First Requests for the Production of Documents on or before February 15, 2006.  The parties reserve the right to pursue, beyond February 15, 2006, motions to compel documents and information believed in good faith to be relevant to their claims and defenses.

4.      Subject to the Stipulated Protective Order entered in this case, the ERISA 401(k) Action Defendants will provide the completed document discovery that was provided in the action Benefits Denial Actions (No. 1:03-cv-1000) bearing on the merits of the claims in this case by December 1, 2005.

5.      Defendants will provide such other discovery to the ERISA 401(k) Action Plaintiffs as the parties agree is appropriate and non-duplicative of other requests.

6.      In addition to those witnesses noticed only in the ERISA 401(k) Action and a person(s) designated by Defendant UnumProvident Corporation pursuant to Federal Rule of Civil Procedure 30(b)(6) to aid in document discovery, counsel to plaintiffs in the ERISA 401(k) Action may attend and question witnesses at all depositions noticed in the Securities Actions or the Derivative Action, with the order and relative length of questioning to be determined in good faith

- 7 -
Case 1:03-cv-00049   Document 158   Filed 11/30/05   Page 9 of 18   PageID #: 1044

by counsel for all plaintiffs; however, counsel shall use their best efforts in good faith to avoid duplicative questioning of witnesses.

7. The discovery deadlines in the proceeding section governing the Securities Actions shall also apply to the ERISA 401(k) Action except with regards to deadlines regarding motions to compel, submission of privilege logs, and filing of motions for class certifications. Nothing in this subsection will preclude the parties to the ERISA 401(k) Action from conducting such other discovery, nonduplicative of discovery being conducted in the other Securities Related Actions, so long as the conduct of that discovery is in accordance with the fact and expert discovery cutoff deadlines set forth in Subsection A above and incorporated herein. The ERISA 401(k) Action parties will abide by the dictates of the Federal Rules and Section VIII below with regards to the conduct of discovery.

**II.  A Schedule for the Filing and Briefing of Summary Judgment Motions**

Any motion for summary judgment shall be filed on or before October 15, 2006. Responses to summary judgment motions shall be filed 45 days after service of the motion, and the moving party shall file any reply within 30 days thereafter.

**III.  A Proposed Time and Method for the Court to Conduct Any Necessary *Daubert* Hearings Regarding Proposed Expert Witnesses**

Any motions seeking a *Daubert* hearing shall be filed on or before December 15, 2006. The opposing party shall file any response to such a motion 30 days after service of the motion, and any reply shall be filed within 15 days thereafter. The Court will then schedule a hearing date. In the event that any such motion is filed, the parties will meet and confer in good faith at least 10 days in advance of the scheduled hearing date and submit at least 5 days prior to the hearing date a proposal for the Court's consideration regarding possible methods and procedures for conducting the hearing on the motion.

**IV. Measures to Centralize and/or Coordinate Interrogatories, Requests for Production of Documents, Deposition Requests, Subpoenas, and Other Written Discovery Efforts so as to Minimize the Total Number of Such Items**

The plaintiffs to each of these "Securities Related Actions" have already provided their respective first requests for the production of documents to the Defendants in accordance with paragraph 4(a)(1)(A), above. By January 13, 2006, the parties shall meet and confer and, propose with specificity, any amendments to this Discovery Plan and set forth suggested mechanisms for coordinating further discovery in these actions, including specific proposals for coordinating that discovery and proposed limits upon the types and amounts of discovery to be taken in these actions.

**V. Measures to Coordinate and Schedule Depositions so as to Avoid Conducting Multiple Depositions of the Same Individual**

The parties agree that, to the extent possible, discovery in all of the actions in this MDL should be coordinated so as to avoid duplication and multiple, overlapping discovery requests to the same person or party. Following their meeting pursuant to Section IV above, the parties will file a proposed Amended and Specific Coordinated Discovery Plan to be submitted on or before February 15, 2006. The parties' proposal will include, but not be limited to, measures for coordinating depositions among the actions, identifying the deponents to be taken and in what order, on what dates and at what locations; allocating deposition time of witnesses to the parties to these actions and determining the order and length of questioning by each counsel; addressing any matters relating to costs or expenses associated with such depositions; and addressing any other limits on depositions, including those imposed by Rules 30(a)(2) and 30(d)(2) of the Federal Rules of Civil Procedure.

**VI. A Proposed System for Identifying by Unique Number or Symbol Each Document Produced or Referred to During the Course of the Litigation**

All of the documents produced by any party to these actions will be sequentially numbered and such numbers will include a unique prefix clearly identifying the source of the document and, if produced only in one of the cases, a separate identifier indicating which case the document was

produced in. In the event that any third party produces documents in one or more of these actions in response to any third party discovery requests that lack such unique identifiers, the party that requested those documents shall be responsible for applying production numbers to the documents and making copies of such documents available to other parties.

## VII. Measures to Coordinate Production of Documents by Defendants

The plaintiffs in these actions have served initial document requests in accordance with the schedule set forth herein. The defendants will produce documents responsive to all such requests to the plaintiffs requesting them simultaneously. The parties will continue to meet and confer in good faith to avoid duplication of effort and to coordinate any future discovery requests in the actions.

## VIII. Resolution of Discovery Disputes

In the event of discovery disputes, counsel will first engage in a meet-and-confer process, in accordance with the procedure set forth in §21.424 of *The Manual For Complex Litigation Third*, with the expectation that the parties can limit or, at a minimum, refine the scope of the disagreement. In the event that a dispute cannot be resolved by this process, either party may request a conference with the Magistrate Judge. Prior to requesting such a conference, the party requesting the conference will provide the other party with a clear and concise written statement of the asserted deficiencies or objections and the requested relief or action. The other party will provide a clear and concise written response. The parties will then meet and confer again in an effort to resolve the issues in their entirety or to narrow the issues left to be resolved. Absent resolution between the parties, each party will then request a conference with, and submit their written statements to, the Magistrate Judge. The Magistrate Judge will thereafter mediate the dispute either in person or by teleconference. If a mediation with the Magistrate Judge is not successful, either party thereafter may file a written motion with the Court to compel or preclude discovery. In their motion papers, the parties will indicate whether oral argument is necessary for the Court's resolution of the discovery dispute.

**IX. Mediation**

The parties previously advised the Court that they were unable to submit a written comprehensive mediation plan until the motions to dismiss were resolved. The parties shall meet and confer to establish a joint mediation plan and submit it to the Court by no later than December 15, 2005, or an alternate date at the Court's direction.

\* \* \*

**O R D E R**

IT IS SO ORDERED.

s/ C. Clifford Shirley, Jr.
THE HONORABLE C. CLIFFORD SHIRLEY, JR.
UNITED STATES MAGISTRATE JUDGE


Submitted by:

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
EDWARD P. DIETRICH
ANDREW J. BROWN


*/s/ Edward P. Dietrich*
EDWARD P. DIETRICH

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
PAUL J. GELLER
JACK REISE
DAVID J GEORGE
ROBERT J. ROBBINS
197 S. Federal Highway, Suite 200
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

Lead Counsel for Plaintiffs

BARRETT, JOHNSTON & PARSLEY
GEORGE E. BARRETT, #2672
DOUGLAS S. JOHNSTON, JR., #5782
TIMOTHY L. MILES, #21605
GERALD E. MARTIN, #20193
217 Second Avenue, North
Nashville, TN 37201-1601
Telephone: 615/244-2202
615/252-3798 (fax)

Liaison Counsel

KIRBY McINERNEY & SQUIRE LLP
IRA M. PRESS
PAMELA E. KULSRUD


| */s/ Pamela E. Kulsrud* |
|---|
| PAMELA E. KULSRUD |

830 Third Avenue
10th Floor
New York, NY 10022
Telephone: 212/371-6600
212/751-2540 (fax)

WOLF HALDENSTEIN ADLER FREEMAN &
HERZ LLP
JEFFREY G. SMITH
DEMET BASAR
270 Madison Avenue
New York, NY 10016
Telephone: 212/545-4600
212/545-4653 (fax)

Lead Counsel for CorTS II Plaintiffs

MORRIS AND MORRIS
KAREN MORRIS


| */s/ Karen Morris* |
|---|
| KAREN MORRIS |

1105 N. Market Street
Suite 1600
P.O. Box 2166
Wilmington, DE 19801
Telephone: 302/426-0400
302/426-0406 (fax)

BRANSTETTER, KILGORE, STRANCH
  &amp; JENNINGS
C. DEWEY BRANSTETTER, JR.
227 Second Avenue, North – 4th Floor
Nashville, TN 37201-1631
Telephone: 615/254-8801
615/255-5419 (fax)

Co-Lead Counsel for Derivative Plaintiffs

STULL, STULL & BRODY
HOWARD T. LONGMAN

       */s/ Howard T. Longman*
        HOWARD T. LONGMAN

6 East 45th Street
4th Floor
New York, NY 10017
Telephone: 212/687-7230
212/490-2022 (fax)

KANTROWITZ GOLDHAMER &
GRAIFMAN, P.C.
GARY S. GRAIFMAN
747 Chestnut Ridge Road, Suite 200
Chestnut Ridge, NY 10977
Telephone: 845/356-2570
845/356-4335 (fax)

Co-Lead Counsel for CorTS I Plaintiff

SCHIFFRIN & BARROWAY, LLP
JOSEPH H. MELTZER
EDWARD W. CIOLKO

```
            /s/ Edward W. Ciolko
         EDWARD W. CIOLKO
```

280 King of Prussia Road
Radnor, PA 19087
Telephone: 610/667-7706
610/667-7056 (fax)

BERKE, BERKE & BERKE
ANDREW L. BERKE
420 Frazier Avenue
P.O. Box 4747
Chattanooga, TN 37405
Telephone: 423/266-5171
423/265-5307 (fax)

Counsel for 401(k) Plaintiffs

GRANT, KONVALINKA & HARRISON
JOHN P. KONVALINKA


```
            /s/ John P. Konvalinka
         JOHN P. KONVALINKA
```

9th Floor, Republic Centre
633 Chestnut Street
Chattanooga, TN 37450
Telephone: 423/756-8400
423/756-6518 (fax)

SULLIVAN & CROMWELL LLP
GANDOLFO V. DIBLASI
BRIAN T. FRAWLEY
125 Broad Street
New York, NY 10004-2498
Telephone: 212/558-4000
212/558-3588 (fax)

PAUL, HASTINGS, JANOFSKY & WALKER
PATRICK W. SHEA
SCOTT FLICKER
1055 Washington Boulevard
Stamford, CT 06901
Telephone: 203/961-7400
203/359-3031 (fax)

Counsel for the UnumProvident Defendants

HORTON, MADDOX & ANDERSON
WILLIAM H. HORTON


       */s/ William H. Horton*
         WILLIAM H. HORTON

835 Georgia Avenue, Suite 600
Chattanooga, TN 37402
Telephone: 423/265-2560
423/265-3039(fax)

Counsel for Defendant Chandler

CHAMBLISS BAHNER & STOPHEL, P.C.
T. MAXFIELD BAHNER
W. JEFFREY HOLLINGSWORTH


       */s/ T. Maxfield Bahner*
         T. MAXFIELD BAHNER

1000 Tallan Building
Two Union Square, Suite 1000
Chattanooga, TN 37402-2500
Telephone: 423/756-3000
423/265-9574 (fax)

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
JAY B. KASNER
SCOTT D. MUSOFF
Four Times Square
New York, NY 10036-6522
Telephone: 212/735-3000
212/735-2000 (fax)s

Counsel for SSB Defendants


The Filing User represents that all signatories have consented to the filing of this document.

- 15 -
Case 1:03-cv-00049   Document 158   Filed 11/30/05   Page 17 of 18   PageID #: 1052

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
EDWARD P. DIETRICH
ANDREW J. BROWN


     */s/ Edward P. Dietrich*
       EDWARD P. DIETRICH

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

C:\DOCUME~1\LCSR\LOCALS~1\Temp\MetaSave\Pro Amd Disc Ord_1.doc